

# Service of Process Transmittal

09/26/2016
CT Log Number 529899388

**TO:** Lisa Melonas, Executive Assistant
Tutor Perini Corporation
15901 Olden St
Sylmar, CA 91342-1051

**RE:** **Process Served in New York**

**FOR:** Tutor Perini Corporation (Domestic State: MA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Daniel S. Pilkington, Pltf. vs. Tutor Perini Building Corp. and Tutor Perini Corporation, Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | New York County: Supreme Court, NY<br>Case # 1576442016 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 11/19/2015 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/26/2016 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Justin M. Reilly<br>Neil H, Greenberg & Associates, P.C.<br>4242 Merrick Road<br>Massapequa, NY 11758<br>516-228-5100 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/26/2016, Expected Purge Date: 10/01/2016<br><br>Image SOP<br><br>Email Notification, Lisa Melonas  lisa.melonas@tutorperini.com<br><br>Email Notification, Michelle Luster  Michelle.Luster@tutorperini.com<br><br>Email Notification, Sylvia Corsini  Sylvia.Corsini@tutorperini.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>111 Eighth Avenue<br>13th Floor<br>New York, NY 10011<br>212-590-9070 |

Page 1 of  2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# Service of Process Transmittal
09/26/2016
CT Log Number 529899388

**TO:** Lisa Melonas, Executive Assistant
Tutor Perini Corporation
15901 Olden St
Sylmar, CA 91342-1051

**RE:** **Process Served in New York**

**FOR:** Tutor Perini Corporation (Domestic State: MA)

## DOCKET HISTORY:

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Attachment(s) | By Process Server on 09/21/2016 | Lisa Melonas, Executive Assistant<br>Tutor Perini Corporation | 529877805 |

Page 2 of 2 / AS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

DOS-400 (Rev. 00/00)

DEPARTMENT OF STATE
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Receipt Requested

USPS CERTIFIED MAIL

9214 8969 0059 7935 8167 44

201609210157
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK NY, 10011

State of New York - Department of State
Division of Corporations

Party Served:
TUTOR PERINI CORPORATION

Plaintiff/Petitioner:
PILKINGTON, DANIEL S

C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NY 10011

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 09/20/2016 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

FILED: NEW YORK COUNTY CLERK 09/13/2016 12:08 PM
NYSCEF DOC. NO. 1

INDEX NO. 157644/2016
RECEIVED NYSCEF: 09/13/2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
DANIEL S. PILKINGTON,

                Plaintiff,

    -against-

TUTOR PERINI BUILDING CORP., and TUTOR
PERINI CORPORATION,

                Defendants.
------------------------------------------------------------------X

INDEX NO.:

**SUMMONS**

Plaintiff designates
NEW YORK COUNTY
as the place of trial

Basis of Venue:
Defendants' Place
of Business

To the above named Defendant(s):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Massapequa, NY 11758
         September 13, 2016

                          Justin M. Reilly, Esq.
                          Neil H. Greenberg & Associates, P.C.
                          Attorney for Plaintiff
                          4242 Merrick Road
                          Massapequa, NY 11758
                          (516) 228-5100

Defendant Addresses:

Tutor Perini Building Corp.
C/O C T Corporation System
111 Eighth Avenue
New York, NY 10011

Tutor Perini Corporation
C/O C T Corporation System
111 Eighth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
DANIEL S. PILKINGTON,                              INDEX NO.:

                      Plaintiff,                              **COMPLAINT**

    -against-

TUTOR PERINI BUILDING CORP. and
TUTOR PERINI CORPORATION,

                      Defendants.
-----------------------------------------------------------------X

      Plaintiff, Daniel S. Pilkington, by and through his attorneys, Neil H. Greenberg & Associates, P.C., as and for his Complaint against Defendants, respectfully alleges as follows:

### INTRODUCTION

1.      Plaintiff, Daniel S. Pilkington ("plaintiff"), seeks to recover damages for personal injuries that he sustained as a result of defendants' violations of the New York State Labor Law §§ 200 and 241(6). Plaintiff also seeks damages based upon common law negligence.

### THE PARTIES

2.      At all times hereinafter mentioned, plaintiff was and still is a resident of the County of Nassau, State of New York.

3.      At all times hereinafter mentioned, plaintiff was employed by Gilston Electric Contracting Corp.

4.      Upon information and belief, defendant, Tutor Perini Building Corp., was and still is a foreign corporation duly authorized to conduct business in the State of New York.

5. Upon information and belief, defendant, Tutor Perini Corporation, was and still is a foreign corporation duly authorized to conduct business in the State of New York.

6. Upon information and belief, Tutor Perini Building Corp. maintained and currently maintains an office for the conducting of business in the County of New York, State of New York.

7. Upon information and belief, Tutor Perini Corporation maintained and currently maintains an office for the conducting of business in the County of New York, State of New York.

### AS TO ALL CAUSES OF ACTION

8. On or about November 19, 2015, construction work was being performed at the SUNY Downstate Medical Center located at 450 Clarkson Avenue, Brooklyn, New York ("premises").

9. On or about November 19, 2015, renovation work was being performed at the premises.

10. On or about November 19, 2015, demolition work was being performed at the premises.

11. On or about November 19, 2015, excavation work was being performed at the premises.

12. That Tutor Perini Building Corp. was the General Contractor for the work that was being performed at the premises.

13. That Tutor Perini Building Corp. was the Construction Manager for the work that was being performed at the premises.

14. That Tutor Perini Corporation was the General Contractor for the work that was being performed at the premises.

15. That Tutor Perini Corporation was the Construction Manager for the work that was being performed at the premises.

16. On or about November 19, 2015, plaintiff was employed at the premises working for Gilston Electric Contracting Corp.

17. On or about November 19, 2015, plaintiff performed work at the premises.

18. On or about November 19, 2015, while attempting to exit the premises, plaintiff was caused to sustain severe and permanent injuries when he tripped over a piece of wood that extended into a crowded pathway.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT

19. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 18 as if fully set forth herein at length.

20. On or about November 19, 2015, defendants failed to have the premises constructed, shored, equipped, guarded, arranged, operated, and conducted as to provide reasonable and adequate protection and safety to plaintiff.

21. That the acts and omissions of the defendants constituted a violation of sections of Industrial Code of the State of New York including, but not limited to, section 23-1.7(e)(1) and (2).

22. That said violations of the Industrial Code were a substantial factor in causing plaintiff's injuries.

23. That by virtue of the acts of defendants which constituted a violation of § 241(6) of the New York State Labor Law, plaintiff has become sick, sore, and disabled, and has suffered severe and permanent personal injuries to his body.

24. That by reason of the foregoing violation of §241(6) of the New York State Labor Law, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over this action.

25. By reason of the foregoing, plaintiff has been damaged in a substantial sum of money to be determined by the Court and Jury.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25 as if fully set forth herein at length.

27. On or about November 19, 2015, defendants failed to have the premises constructed, shored, equipped, guarded, arranged, operated, and conducted so as to provide reasonable and adequate protection to the life, health, and safety of plaintiff.

28. That by virtue of the acts and omissions of defendants, which constituted a violation of § 200 of the New York State Labor Law, plaintiff has become sick, sore, and disabled, and has suffered severe and permanent personal injuries to his body.

29. That by reason of the foregoing violation of § 200 of the New York State Labor Law, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this action.

30. By reason of the foregoing, plaintiff has been damaged in a substantial sum of money to be determined by the Court and Jury.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT

31. The plaintiff repeats and realleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein at length.

32. Defendants were negligent in the operation, control, and maintenance of the premises by negligently causing and/or allowing said premises to be improperly maintained.

33. Defendants were negligent in the operation, control, and maintenance of the premises by negligently causing and/or allowing said premises to remain in an unsafe condition.

34. That by virtue of the negligence of defendants, plaintiff has become sick, sore, and disabled, and has suffered severe and permanent personal injuries to his body.

35. That by reason of the negligence of defendants, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower Court which would otherwise have jurisdiction of this action.

36. By reason of the foregoing, plaintiff has been damaged in a substantial sum of money to be determined by the Court and Jury.

WHEREFORE, plaintiff demands judgment against defendants in all causes of action in an amount that exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction of this action, together with such other, further, and/or different relief as to this Court deems just and proper.

Dated: Massapequa, New York
      September 13, 2016

Yours, etc.,

_____
Justin M. Reilly, Esq.
Neil H. Greenberg & Associates, P.C.
Attorneys for the Plaintiff
4242 Merrick Road
Massapequa, NY 11758
(516) 228-5100

NEIL H. GREENBERG, ESQ.

INDEX NO. :

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

DANIEL S. PILKINGTON,

        Plaintiff,

-against-

TUTOR PERINI BUILDING CORP., and TUTOR PERINI CORPORATION,

        Defendants.

---

**SUMMONS & COMPLAINT**

Certification Pursuant to 22 NYCRR §130-1.1(a)

---

Justin Reilly, Esq.
**NEIL H. GREENBERG & ASSOCIATES P.C.**
*Attorney for Plaintiff*
4242 Merrick Road
Massapequa, NY 11758
(516) 228-5100
(516) 228-5106 FAX