```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/19/2018
```



**NEIL H. GREENBERG & ASSOCIATES, P.C.**
COUNSELORS AT LAW

4242 MERRICK ROAD, MASSAPEQUA, NEW YORK 11758

NEIL H. GREENBERG, ESQ.

JUSTIN M. REILLY, ESQ.

HEATHER N. BABIONE, ESQ.

KEITH E. WILLIAMS, ESQ.
VIA: ECF transmission

PARALEGALS

CATALINA ROMAN

ROSA COSCIA

April 16, 2018

Honorable Debra C. Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: Pilkington v. Tutor Perini Building Corp. et al.
17 CV 00060 (DCF)

Dear Judge Freeman:

My office represents the Plaintiff in the above matter. Kindly accept this correspondence as the Plaintiff's motion for a pre-motion discovery conference.

Discovery in this case is set to close on April 27, 2018. However, substantial discovery remains to be done and a new scheduling order is necessary. Only two witnesses have appeared for depositions thus far, the plaintiff and defendant Tutor Perini Corporation's Rule 30(b)(6) witness. Tutor Perini's Rule 30(b)(6) witness testified that he went to the job site at issue for the first time in May 2016, six months after the subject incident. After taking this deposition, Plaintiff identified specific individuals employed by Tutor Perini and requested to take their depositions.

However, counsel for defendants and third-party defendants are insisting that depositions proceed in order of caption even though there is no priority under the Federal Rules. To make matters worse, defendants' counsel and counsel for third-party, Gilston Electrical Contracting Corp., have developed their own personal feud which has substantially affected the scheduling of depositions.

I have asked the parties to cooperate with each other in scheduling depositions and have made myself available on dates suggested by defendants and third-party defendants for their witnesses to appear at depositions. Yet, there is always some type of communication between defendants' counsel and Gilston's counsel that ends up preventing dates from actually being confirmed.

---

*Handwritten annotation:*

Counsel is correct that there is no "priority" under the Federal Rules. All counsel are directed to confer in good faith and jointly propose to this court a modified discovery schedule that includes specific dates for all remaining depositions. The Court will expect this joint submission no later than 4/24/18.

**SO ORDERED:    DATE:** 4/19/18

_____
**DEBRA FREEMAN**
**UNITED STATES MAGISTRATE JUDGE**

PHONE: 516.228.5100    FAX: 516.228.5106    INFO@NHGLAW.COM
WWW.NHGLAW.COM    WWW.NEWYORKOVERTIMELAW.COM

I respectfully request that the Court schedule a pre-motion discovery conference to resolve these issues.

Thank you for your time and attention to this matter.

Yours truly,

Justin M. Reilly

cc: Kenneth Arthur Rigby, Esq.
Douglas Langholz, Esq.
Daniel Goodstadt, Esq.